**Nicola J. FERNANDES, Appellant,**

v.

**Raymond F. FERNANDES, Appellee.**

**No. 3848.**

Supreme Court of Alaska.

Sept. 29, 1978.

Roger E. Clark, Alaska Legal Services Corp., Fairbanks, for appellant.

Appellee waived appearance.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

## OPINION

PER CURIAM.

Nicola and Raymond Fernandes were divorced in 1975. Under the terms of the decree of divorce, Nicola was awarded custody of their then-unborn child. Two years later Raymond filed a motion for modification of the divorce decree, seeking custody of the parties' son, Jeremy G. Fernandes. A guardian ad litem was appointed to represent Jeremy.

After a two day hearing, the superior court ordered that Raymond be given custody of Jeremy.[1]

The guardian ad litem submitted a declaration of fees to the court. The claim was accepted by the court, and disbursement was made to the guardian in the amount of $1,270.42. Two months later the court, sua sponte, issued an order holding Nicola and Raymond jointly and severally responsible for repayment of the guardian ad litem's fees. Appellant Nicola Fernandes appeals from that order.

■ Rule 15.1(d), Alaska Administrative Rules,[2] requires the assigned judge to make a determination of the parties' ability to pay the costs of the guardian ad litem before assessing such costs against them. The court's order here was sua sponte. The parties were not notified that the court was contemplating an order for repayment of the guardian ad litem's fees, nor was a hearing held on the parties' ability to pay. Therefore, appellant Nicola Fernandes, who was represented throughout the custody proceeding by Alaska Legal Services Corporation, was precluded from showing that assessment of the guardian ad litem fees against her would work an "undue financial hardship" on her. Administrative Rule 15.-1(d). Thus, we must remand the case to the superior court for the appropriate determination.[3]

■ We note another oversight on the part of the superior court. On remand, the court is also to issue an order establishing the liability for the guardian ad litem's fees in accordance with AS 09.65.130(b), which provides:[4]

If custody, support, or visitation is an issue, the order for costs, fees, and disbursements shall be made against either or both parents, except that, if one of the parties responsible for the costs is indigent, the costs, fees, and disbursements for that party shall be borne by the state. If either or both parents are only temporarily without funds, as determined by the court, the court may advance payment for legal representation or other services rendered to the child; however, no repayment may be required for those

---

1. The custody determination is not challenged in this appeal.

2. Administrative Rule 15.1(d) provides:

   If the assigned judge determines that the party or parties having legal responsibility for the support of a child for whom an attorney or guardian ad litem has been appointed are able, without undue financial hardship, to pay the costs of such services, the judge shall:
   (1) Order that all or an equitable portion of the costs be paid by such party or parties directly to the person providing the services; or
   (2) Assess as costs to such party or parties all or an equitable portion of the cost to the state of providing such services.

3. We suggest that the superior court be guided in making its determination by Rule 15(c)(1), Alaska Rules of Children's Procedure, which provides:

   *Examination as to Assets and Liabilities.* For the purpose of determining whether a party is financially unable to employ counsel the court shall examine him under oath and on the record with respect to his real and personal assets and liabilities, including cash, accounts receivable, accounts payable, income from salary, wages and other sources, ability to convert assets into cash or credit which could be utilized, directly or indirectly, for the payment of counsel fees and as to any other relevant aspect of his economic status.

4. This subsection was erroneously omitted from the 1977 supplement to Chapter Nine of the Alaska Statutes.

who are receiving legal services for the indigent. The attorney general is responsible for enforcing collections owed the court, and repayment shall be made directly to the court under the provisions of rules governing the administration of the courts. The court shall, if possible, avoid assigning costs to only one party by ordering that costs of the child's legal representation or other services be paid from proceeds derived from a sale of property belonging to both parties, before a division of property is made.

If the trial court finds that Nicola is indigent, her portion of the costs must be borne by the state. If the trial court further finds that she is receiving legal services for the indigent, the state is precluded by AS 09.65.130(b) from seeking repayment from her.

REMANDED for proceedings in accordance with this opinion.